UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.F.V.N.,<br><br>                    Petitioner,<br><br>         v.<br><br>MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>                    Respondents. | No. 1:26-cv-00909-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner A.F.V.N. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1] Docs. 1, 2. The Court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered

---

[1] Petitioner's motion to proceed via pseudonym was granted by separate order.

1

respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *R.A.N.O. v. Wofford*, *Ramazan M. v. Andrews*, and *Omer G.G. v. Kaiser*, and that would justify denying the petition. Doc. 7. Respondents state that "[f]actually, this case is similar [to] each of the aforementioned cases in that the Petitioner was also on release for a period of time and then detained." Doc. 9 at 1. "Nor does Petitioner's case present any distinguishing legal issues from the same aforementioned cases." *Id.* While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), and *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

    Dated:   February 6, 2026

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other cause of action as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2